PAUL W. LEEHEY (SBN: 92009)
LAW OFFICE OF PAUL W. LEEHEY
205 W. ALVARADO STREET
FALLBROOK, CA 92028-2002
TELEPHONE (760) 723-0711

DONNIE R. COX (SBN: 137950)
DENNIS B. ATCHLEY (SBN: 70036)
LAW OFFICES OF DONNIE R. COX
402 NORTH NEVADA STREET
OCEANSIDE, CA 92054-2025
TELEPHONE (760) 400-0263

ATTORNEY FOR PLAINTIFFS

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT, SAN JOSE DISTRICT

| | |
|---|---|
| N.A. AND A.A., minors by and through their Guardian Ad Litem, RICHARD H. WEST <br><br> Plaintiff, <br><br> vs. <br><br> COUNTY OF MONTEREY; LUCILLE HRALIMA as an employee of the COUNTY OF MONTEREY; STEVEN SINOR as an employee of the COUNTY OF MONTEREY; MICHELLE CASSILLAS as an employee of the COUNTY OF MONTEREY; PAT MANNION as an employee of the COUNTY OF MONTEREY; ELVA MANCILLA as an employee of the COUNTY OF MONTEREY; ADA SIFUENTES and ANTONIO SIFUENTES, as agent and/or state actor of the COUNTY OF MONTEREY; and Does 1 to 100, Inclusive, <br><br> Defendants. | CASE NO: C08 00689 RMW (hrl) <br><br> PETITION FOR COMPROMISE OF DISPUTED CLAIM OF MINOR, N.A. and A.A., PURSUANT TO C.C.P. §372; Probate Code sections 3600, 3601; Cal. Rules of Court 7.955 |

The Petitioner RICHARD H. WEST, Guardian Ad Litem (hereinafter referred to as "Petitioner") respectfully alleges:

1.   Name of Minors:    N.A. and A.A.

2.   Age: 8 years, 2 months    Date of Birth: February 18, 2000 (N.A.)

Petition for Minor Compromise    1    C0800689

1    Age: 9 years, 1 month   Date of Birth: March 7, 1999 (A.A.)

2    3.   Resident of Petitioner:   137 Central Avenue, Ste, 3, Salinas, CA

3    93901

4    4:   Resident of Minor:  unknown, confidentially placed by the County

5    of Monterey

6    5.   Date of the incident:   December 22, 2004 through January 1,

7    2006.

8    6.   Place of the incident:   Monterey, California

9    7.   Petitioner, Richard H. West, is the Guardian Ad Iitem of N.A. in

10   this case.

11   8.   An action for civil rights violations and other causes of actions

12   has been filed.  This action was recently coordinated with Case #C-06-

13   07293 RMW (hrl).

14   9.   As a result of said incidence, Plaintiffs in both actions filed

15   a claim for damages against the County of Monterey and individual

16   County of Monterey defendants, as well as ADA SIFUENTES AND ANTONIO

17   SIFUENTES (hereby "SIFUENTES") all of whom deny liability for injuries

18   and damages suffered by the Plaintiffs.  By way of settlement, said

19   defendants have agreed to pay the total sum of ONE MILLION DOLLARS

20   ($1,000,000.00) to be divided between all Plaintiffs in both actions.

21   The proposed distribution by Plaintiffs is $700,000.00 to be paid to

22   Plaintiff Megan  Deann Allen, the mother of N.A. and A.A., and for the

23   minor plaintiff N.A. to receive the sum of ONE HUNDRED THOUSAND DOLLARS

24   ($100,000.00), (by way of an annuity provided him a guaranteed tax free

25   pay out of $283,706.00 through age 30), and Plaintiff A.A. to receive

26   ONE HUNDRED THOUSAND DOLLARS ($100,000.00) ($259,440.00 through age 30)

27   pursuant to a structured settlement annuity through Kingler and

28   Associates contingent upon approval of this minors' compromise as to

the Plaintiff minors. The remaining ONE HUNDRED THOUSAND DOLLARS ($100,000.00) to be paid to attorneys for the minors for fees and costs as outlined below. Thereafter all Plaintiffs agree to dismiss all Defendants.

10. This petition was prepared by the Law Office of Donnie F. Cox, representing minor Plaintiffs N.A. and A.A., by and through Guardian Ad Litem, Richard H. West. Said counsel has represented and confirmed to the Court that he and associate Plaintiffs' counsel did not become concerned with this matter at the instance of the party whom the claim of said minor is asserted and that they have not received, and do not expect to receive, any compensation for their services in connection herewith from any person other than the parties whom they represent (Plaintiffs) as herein stated.

11. The damages sustained by the minor as a result of the subject incident were the unlawful physical detention and removal from their home and care and the custody and control of their parent, during the period of December 29, 2004 through the present, including the loss of their sibling in November of 2005, in violation of their constitutional rights.

12. Said minors have received no medical treatment for any physical injuries as a result of said removal and death but have received counseling and Petitioner is informed and believes that said minors have sufficiently recovered from the effects of said incidents and that their condition is such that resolution of the claim is appropriate.

13. Petitioner, through the assistance of Plaintiffs' counsel, has made a careful and diligent inquiry and investigation to ascertain the facts relating to said incident, the responsibility therefore, and the nature, extent, and seriousness of said minors' injuries. Petitioner

fully understands that if the Petition for minors' compromise is approved by the court and is entered, said minors will forever be barred from seeking any further recovery of compensation from the County of Monterey and its employees, and the SIFUENTES and its insureds even though said minors' injuries might in the future prove to be more serious than they are now thought to be.

14. Petitioner hereby recommends and requests this Court's approval of this petition for Minors' Compromise, as well as the distribution of those funds as set forth in this petition as being fair, reasonable, and in the best interest of said minor.

15. The total amount of proposed settlement as to said minor, N.A., is ONE HUNDRED THOUSAND DOLLARS ($100,000.00) to be deposited into an annuity which will provide N.A. a guaranteed payout of $283,766.00, commencing with payments at his 18th birthday, culminating with a final payment on his 30th birthday. The total amount of proposed settlement as to said minor, A.A., is ONE HUNDRED THOUSAND DOLLARS ($100,000.00) to be deposited into an annuity which will provide A.A. a guaranteed payout of $259,440.00 commencing with payments at her 18th birthday, culminating with a final payment on her 30th birthday. (See Settlement Proposal for Allen Children, as Exhibit "1" attached hereto.)

a. The breakdown of the settlement proceeds is as follows: $100,000.00 to N.A., $100,000.00 to Plaintiff A.A. and attorneys fees of $100,000.00. (Plaintiffs counsel has incurred approximately $2,657.39 in costs and will waive all costs.) Petitioner's agreement with Plaintiffs' counsel on behalf of said minors, specifically stated to be subject to approval of Court, is thirty three and one third percent (33 1/3%) of gross proceeds plus costs. Petitioner was appointed by the Superior Court County of Monterey, Sitting as the

1  Juvenile Court, to retain counsel to investigate and if necessary

2  litigate claims on behalf of the minors. Petitioner retained the Law

3  Office of Donnie R. Cox and the Law Office of Paul W. Leehey because

4  of their particular expertise in these types of cases.   Petition

5  therefore request the court approve the attorneys' fees as agreed.

6  16.  That the portion of the settlement sum for minors N.A. and A.A.,

7  to which $100,000.00 is to be deposited in an account for each child

8  as directed by Ringler & Associates for an annuity in the name of their

9  guardian, as trustee for N.A. and A.A., not to be withdrawn other than

10  as set forth in the proposed annuity without order of the court first

11  obtained. (Attached as Exhibit "1" to the proposed order is the

12  proposed annuity dispersal schedule which will provide $283,706 through

13  age 30 for N.A., the proposed annuity dispersal schedule will provide

14  A.A. $259,440.00 through age 30.)  The monies are not to be used for

15  minors' necessities of life while they are a minor unless otherwise

16  ordered by the Court.

17  17.  Petitioner, as guardian ad litem of said minors, N.A. and A.A.,

18  has no interest in this subject lawsuit and has been directly involved

19  with the litigation of the case and was consulted with throughout the

20  entirety of the litigation and mediation with Defendants COUNTY and

21  SIFUENTES, and believes the proposed settlement disbursement of

22  $100,000 as set forth in the proposed annuity is a proper and fair

23  result for minors N.A. and A.A.

24      WHEREFORE, Petitioner prays that the Court make an order approving

25  this minors' compromise based upon the Settlement Agreement and General

26  Release and upon the petition for minors' compromise by this court, and

27  for such other and further order as the Court may deem reasonable and

28  proper.

1      I declare under the penalty of perjury under the laws of the State

2   of California that the foregoing is true and correct this 17th day of

3   June 2008.

4

5   DATED: June 17, 2008

6                         RICHARD H. WEST, Guardian Ad Litem for
                          N.A. and A.A.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Petition for Minor Compromise      6                    C0800689

1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9              **NORTHERN DISTRICT, SAN JOSE DISTRICT**

N.A. AND A.A.,                    )    CASE NO: C08 00689 RMW
10  minors by and through their   )
Guardian Ad Litem, RICHARD H.    )
11  WEST                          )    (PROPOSED) ORDER
                                  )
12          Plaintiff,            )
                                  )
13  vs.                           )
                                  )
14  COUNTY OF MONTEREY; LUCILLE   )
HRALIMA as an employee of the    )
15  COUNTY OF MONTEREY; STEVEN    )
SINOR as an employee of the      )
16  COUNTY OF MONTEREY; MICHELLE  )
CASSILLAS as an employee of      )
17  the COUNTY OF MONTEREY; PAT   )
MANNION as an employee of the    )
18  COUNTY OF MONTEREY; ELVA      )
MANCILLA as an employee of the)
19  COUNTY OF MONTEREY; ADA       )
SIFUENTES and ANTONIO            )
20  SIFUENTES, as agent and/or    )
state actor of the COUNTY OF     )
21  MONTEREY; and Does 1 to 100,  )
Inclusive,                       )
22                                )
            Defendants.           )
23  _____

24      The petition of RICHARD H. WEST, the guardian ad litem appointed

25  on behalf of the minor N.A. (hereinafter referred to as "Petitioner"),

26  for approval of the proposed compromise of disputed claims (under

27  C.C.P. §372) as to minors, N.A. and A.A., against Defendants COUNTY OF

28  MONTEREY, HRALIMA; SINOR; CASSILLAS; MANNION; MANCILLA; ADA SIFUENTES;

1   AND ANTONIO SIFUENTES hereinafter referred to as "Payor", came before
2   the above entitled Court.  Upon the evidence introduced the Court finds
3   that the facts set forth in said petitioner are true and that it is for
4   the best interests of the minor that this order be entered for the
5   amount hereinafter stated as to said minor and that the proceeds of
6   such  settlement  be  paid  and  used  in  the  manner  as  hereinafter
7   specifically provided:

8   **IT IS THEREFORE ORDERED:**

9   1.    That the Settlement Agreement as to the funds to be received in
10  settlement from the COUNTY OF MONTEREY, et. al. with Plaintiffs is
11  hereby approved, with "Payor's" payment of the sum of one hundred
12  thousand dollars ($100,000.00) of said settlement being the sum herein
13  approved in the manner provided for N.A. payable by "Payor" to be
14  utilized for the purchase of a structured settlement annuity funded
15  through Ringler and Associates in the name of the guardian ad litem,
16  Richard West, as trustee for minors, N.A. and A.A., with said sums to
17  be withdrawn pursuant to the terms of said annuity (attached hereto as
18  Exhibit "1" as Minor's Compromise Attachment for N.A. and A.A. or
19  further Court order. The monies are not to be used for minors'
20  necessities of life while they are minors unless otherwise ordered by
21  the court.  It is further ordered that no bond be required of Richard
22  H. West  while serving as trustee of such funds.

23  2.    A copy of this Order shall be delivered to the manager of the
24  financial institution together with the sum to be deposited therein,
25  and written receipt of said financial institution acknowledging receipt
26  of said sum shall forthwith be filed with the County Clerk.

27

28

3.    That upon entry of this Order Approving Compromise of Disputed Claim of minors N.A. and A.A., payment of the full amount of sums approved therein and proof of the deposit of those funds, and compliance to other provisions of the parties settlement, (attached hereto as Exhibit "2" is a copy of the Settlement Agreement). Petitioner is hereby authorized and directed to have Plaintiffs' attorneys file a dismissal of the pending action as to the COUNTY OF MONTEREY and the employee defendants and the Sifuente defendants, and provide a copy of the same to defendants' counsel.

**IT IS SO ORDERED.**

Dated: _____          _____

RONALD M. WHYTE,
JUDGE OF THE NORTHERN DISTRICT
COURT OF CALIFORNIA, WESTERN
DIVISION

Exhibit "1"

## Minor's Compromise Attachment

Of the total settlement, $100,000.00 is to be used, with the court's permission, to purchase an annuity, in which Prudential Assigned Settlement Services Corporation will provide for the following Periodic Payments to be made by Prudential Insurance Company of America, rated A+ XV by A.M. Best. The details of the periodic payments of which will be set forth in section (a), herein below. All sums constitute damages on account of personal injuries arising from an occurrence within the meaning of Section 104(a)(2).

a)  The periodic payment schedule for Noel Allen is as follows:

**Period Certain Annuity** - $15,000.00 payable annually, guaranteed for 4 year(s), beginning on 02/18/2018, with the last guaranteed payment on 02/18/2021.

**Guaranteed Lump Sum** - $40,000.00 paid as a lump sum on 02/18/2024 guaranteed.

**Guaranteed Lump Sum** - $60,000.00 paid as a lump sum on 02/18/2027 guaranteed.

**Guaranteed Lump Sum** - $123,705.93 paid as a lump sum on 02/18/2030 guaranteed.

Plaintiff acknowledges and agrees that the Defendant and/or the Insurer may make a "qualified assignment" within the meaning of Section 130(c) of the Internal Revenue Code of 1986, as amended, of the Defendant's and/or the Insurer's liability to make the periodic payments required herein.  Any such assignment, if made, shall be accepted by the Plaintiff without right of rejection and shall completely release and discharge the Defendant and the Insurer from such obligations hereunder as are assigned to Prudential Assigned Settlement Services Corporation (hereinafter "Assignee"). The Plaintiff recognizes that, in the event of such an assignment, the Assignee shall be their sole obligor with respect to the obligations assigned, and that all other releases that pertain to the liability of the Defendant and the Insurer shall thereupon become final, irrevocable and absolute.

If the liability to make the periodic payments is assigned by way of a "qualified assignment:"

A) Periodic payments from the Assignee cannot be accelerated, deferred, increased or decreased by the Plaintiff;

B) The Assignee does not provide to the Plaintiff rights against the Assignee that are greater than those of a general creditor; and

C) The Assignee's obligation for payment of the

> periodic payments is no greater than the obli-
> gation of the person originally liable (whether
> by suit or agreement) for payment and from whom
> the obligation was assigned.

The sole obligor of the Periodic Payments, whether it is the Defendant, the Insurer, and/or the Assignee, reserves the right to fund the liability to make the Periodic Payments by purchasing an annuity through Prudential Insurance Company of America. The Defendant, the Insurer, or in the event of an assignment the Assignee, shall be the sole owner of the annuity and have all rights in it. Said owner of the annuity may have Prudential Insurance Company of America mail payments directly to the Plaintiff. Plaintiff shall be responsible for maintaining a current mailing address for Payee with Prudential Insurance Company of America.

The obligation of the Defendant, the Insurer, or in the event of an assignment, the obligation of its Assignee, to make each Periodic Payment shall be discharged upon the mailing of a valid check in the amount of such payment to the designated address of the Payee.

The Structured Settlement shall be handled solely by Manny Valdez, RINGLER ASSOCIATES.

# Rock-Solid® Strength and Security From One of America's Best-Known Companies

## Rock-Solid Capitalization

- As of June 30, 2007, Prudential Insurance Company of America had $248.8 billion in statutory admitted assets and its statutory capital, including statutory surplus and Asset Valuation Reserve (AVR) amounted to $8.6 billion.

- Prudential Financial companies, with approximately $648 billion in total assets under management as of June 30, 2007, serve individual and institutional customers worldwide and include The Prudential Insurance Company of America, one of the largest life insurance companies in the U.S.

## Rock-Solid Market Presence

- The Prudential name and distinctive "Rock" logo are among the most widely recognized in the United States.

## Rock-Solid Ratings

### Financial Strength Ratings for The Prudential Insurance Company of America[1]

| Rating Agency | Rating | Explanation |
|---|---|---|
| AM Best | A+ | Superior. Best considers both "A+" and "A++" rated companies to have superior ability to meet their ongoing obligations to policyholders. Highest available rating is: "A++." |
| Fitch | AA | Very strong. Insurers are viewed as possessing very strong capacity to meet policyholder and contract obligations. Risk factors are modest, and the impact of any adverse business and economic factors is expected to be very small. Plus or minus signs indicate the relative position of a credit within the rating category. Highest rating available: "AAA" (Exceptionally strong). |
| Standard & Poor's | AA | Very strong. An insurer rated "AA" differs from the highest rated insurer only in small degree. The insurer's capacity to meet its financial commitment on the obligation is very strong. Plus or minus signs indicate relative standing within the major rating categories. Highest available rating: "AAA" (Extremely strong). |
| Moody's | Aa3 | Excellent. Moody's indicates that an "Aa3" rated insurance company offers excellent financial security. Together with the Aaa group, they constitute what are generally known as high-grade companies. A "1", "2", or "3" indicates relative standing within the major rating categories with "1" being the highest. Highest available rating: "Aaa" (Exceptional). |

### Financial Size Category (FSC) for The Prudential Insurance Company of America[2]

| Rating Agency | FSC | Explanation |
|---|---|---|
| AM Best | XV | Adjusted Policyholder Surplus greater than 2 billion. Highest available category: "XV" |

---

[1] Rating information current as of 08/01/07. For the most current insurance claims rating information, please visit the Investor Relations website at www.investor.prudential.com

[2] Financial size information current as of 09/17/2007. For the most current Financial Size information, please visit A.M. Best's website at www.ambest.com. The FSC is designed to provide a convenient indicator of the size of a company in terms of its statutory surplus and related accounts.

The Prudential Insurance Company of America is a Prudential Financial company. Prudential Financial is a registered service mark of The Prudential Insurance Company of America, Newark, NJ, and its affiliates.

INST-20070913-A014922

Exhibit "2"

## SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE (hereinafter referred to as the "Agreement") is hereby made and entered into between MEGAN ALLEN, individually, ANALISA ALLEN and NOEL ALLEN, by and through their guardian ad litem Richard H. West, and the COUNTY OF MONTEREY, ADA SIFUENTES, ANTONIO SIFUENTES, THE STATE OF CALIFORNIA and the FOSTER FAMILY HOME AND SMALL FAMILY HOME INSURANCE FUND (periodically referred to herein as the "Parties").

### A.      RECITALS

**1.**      On November 27, 2006, MEGAN ALLEN (hereinafter referred to as "ALLEN") filed a complaint in the United States District Court, Northern District of California, San Jose Division entitled <u>Megan Deann Allen v. County of Monterey, et al.</u>, Case No. C06-07293 RMW (HRL) (hereinafter the "Original Action"), against: (1) COUNTY OF MONTEREY, LUCILLE HRALIMA, STEVEN SINOR, PATRICIA MANNION, MICHELLE CASILLA, and ELVA MANCILLA (hereinafter referred to collectively as the "COUNTY DEFENDANTS"); and (2) ADA SIFUENTES and ANTONIO SIFUENTES (hereinafter referred to collectively as the "SIFUENTES"). The Original Action included claims for violation of federal civil rights against the COUNTY DEFENDANTS and claims of wrongful death against the COUNTY DEFENDANTS and the SIFUENTES.

**2.**      On January 29, 2008, Analisa Allen and Noel Allen, by and through their guardian ad litem, Richard H. West (hereinafter referred to collectively as the "MINORS"), filed a complaint in the United States District Court, Northern District of California, San Jose Division, entitled <u>Noel Allen and Analisa Allen, minors, by and through their Guardian ad Litem, Richard H. West v. County of Monterey, et al.</u>, Case No. C-08-000689 RMW(HRL) (hereinafter referred to as the "Minors' Action") against the COUNTY DEFENDANTS and the SIFUENTES. The Minors' Action included claims for violation of federal civil rights against the COUNTY DEFENDANTS, and claims of violation of state civil rights, assault, battery, false imprisonment, intentional infliction of emotional distress, and injunctive relief against the COUNTY DEFENDANTS and the SIFUENTES.

**3.**     The COUNTY DEFENDANTS and the SIFUENTES have denied and continue to deny any liability for the claims made and damages alleged by ALLEN in the Original Action and the MINORS in the Minors' Action.

**4.**     By this Agreement, the Parties have now agreed to a full and final settlement of all claims and disputes between each of them relating to or arising out of the Original Action and the Minors' Action, including any known or unknown claims, so as to avoid the uncertainty, burden, inconvenience, and expense of further litigation.

**5.**     The Parties now wish to confirm and memorialize their settlement of all claims and disputes between them.

**B.     AGREEMENTS**

**1.     Recitals**.  The recitals set forth above are incorporated herein by reference.

**2.     Conditional Nature Of Settlement**.  The Parties to this Agreement acknowledge that this Agreement, and all agreements and representations made herein, including the agreements and representations made with respect to the ALLEN settlement, are subject to and conditional on the approval of a petition which the guardian ad litem and counsel for the MINORS will file requesting an order from the Court approving the compromise of the MINORS' claims (which compromise is essentially the monetary terms of the Settlement Agreement and Release).  The parties hereto agree that, unless otherwise stated in this Agreement, or unless as otherwise may be stated in any court order approving the Compromise of the MINORS' claims (hereinafter "Court Order"), the parties hereto intend and agree that this Agreement shall be given full force and effect and is not subject to any other conditions.

**3.     ALLEN's Full and Final Release of all claims against the COUNTY DEFENDANTS**.  In consideration of the amounts to be paid hereunder by the COUNTY OF MONTEREY to ALLEN, ALLEN hereby completely releases and forever discharges the COUNTY OF MONTEREY and each of its present and former employees (including, but not limited to, LUCILLE HRALIMA, STEVEN SINOR, PATRICIA MANNION, MICHELLE CASILLA, and ELVA MANCILLA), agents, directors, officers, representatives, departments, subsidiaries, affiliates, contractors, heirs, successors, assigns, beneficiaries, insurers and all attorneys acting by, through, under, or in concert with any of them, from any and all claims,

counterclaims, demands, causes of action, damages, liabilities, expenses, fees, including attorney's fees, and costs whatsoever, which ALLEN ever had, now has, or may in the future claim to have had for any losses, injuries, or damages, whether anticipated or unanticipated, resulting from, arising out of, or connected in any way to the Original Action or the Minors' Action. This includes, but is not limited to, claims of any kind for violation of civil rights under federal or state law, negligence, breach of mandatory duties, wrongful death, survivor claims, assault, battery, false imprisonment, intentional infliction of emotional distress, and injunctive relief, or violation of any statutory or administrative rules or codes of the State of California or County of Monterey; this also includes fraud of any nature, or any other claim sounding in tort or contract. This release specifically includes claims for bad faith, unfair insurance practices, or statutory violations which may arise, either directly or indirectly from the COUNTY DEFENDANTS' conduct in responding to ALLEN's claims or in defending or settling these claims. This release also includes any claims for violations of the Unruh Civil Rights Act (Civil Code section 51 et seq.), as well as any other statutes which may have been enacted to create a private right of action.

        **4.**      **ALLEN's Full and Final Release of all claims against the SIFUENTES, THE STATE OF CALIFORNIA ("STATE"), and the FOSTER FAMILY HOME AND SMALL FAMILY HOME INSURANCE FUND ("FUND")**. In consideration of the amounts to be paid hereunder by the FUND to ALLEN on behalf of the SIFUENTES, ALLEN hereby completely releases and forever discharges the SIFUENTES, the STATE and the FUND and each of their present and former employees, agents, directors, officers, representatives, departments, subsidiaries, affiliates, contractors, heirs, successors, assigns, beneficiaries, insurers and all attorneys acting by, through, under, or in concert with any of them, from any and all claims, counterclaims, demands, causes of action, damages, liabilities, expenses, fees, including attorney's fees, and costs whatsoever, which ALLEN ever had, now has, or may in the future claim to have had for any losses, injuries, or damages, whether anticipated or unanticipated, resulting from, arising out of, or connected in any way to the Original Action or the Minors' Action. This includes, but is not limited to, claims of any kind for violation of civil rights under federal or state law, negligence, breach of mandatory duties, wrongful death, survivor claims, assault, battery, false imprisonment, intentional infliction of emotional distress, and injunctive relief, or violation of any statutory or administrative rules or codes of the State of California or

County of Monterey; this also includes fraud of any nature, or any other claim sounding in tort or contract. This release specifically includes claims for bad faith, unfair insurance practices, or statutory violations which may arise, either directly or indirectly from the conduct of the SIFUENTES, the STATE and the FUND in responding to ALLEN's claims or in defending or settling these claims. This release also includes any claims for violations of the Unruh Civil Rights Act (Civil Code section 51 et seq.), as well as any other statutes which may have been enacted to create a private right of action.

5.     **The MINORS' Full and Final Release of all claims against the COUNTY DEFENDANTS**. In consideration of the amounts to be paid hereunder by the COUNTY OF MONTEREY to the MINORS, the MINORS hereby completely release and forever discharge the COUNTY OF MONTEREY and each of its present and former employees (including, but not limited to, LUCILLE HRALIMA, STEVEN SINOR, PATRICIA MANNION, MICHELLE CASILLA, and ELVA MANCILLA), agents, directors, officers, representatives, departments, subsidiaries, affiliates, contractors, heirs, successors, assigns, beneficiaries, insurers and all attorneys acting by, through, under, or in concert with any of them, from any and all claims, counterclaims, demands, causes of action, damages, liabilities, expenses, fees, including attorney's fees, and costs whatsoever, which the MINORS ever had, now have, or may in the future claim to have had for any losses, injuries, or damages, whether anticipated or unanticipated, resulting from, arising out of, or connected in any way to the Original Action or the Minors' Action. This includes, but is not limited to, claims of any kind for violation of civil rights under federal or state law, negligence, breach of mandatory duties, wrongful death, survivor claims, assault, battery, false imprisonment, intentional infliction of emotional distress, and injunctive relief, or violation of any statutory or administrative rules or codes of the State of California or County of Monterey; this also includes fraud of any nature, or any other claim sounding in tort or contract. This release specifically includes claims for bad faith, unfair insurance practices, or statutory violations which may arise, either directly or indirectly from the COUNTY DEFENDANTS' conduct in responding to the MINORS' claims or in defending or settling these claims. This release also includes any claims for violations of the Unruh Civil Rights Act (Civil Code section 51 et seq.), as well as any other statutes which may have been enacted to create a private right of action.

4

6.    **The MINORS' Full and Final Release of all claims against the SIFUENTES, the STATE, and the FUND**.  In consideration of the amounts to be paid hereunder by the FUND to the MINORS on behalf of the SIFUENTES, the MINORS hereby completely release and forever discharge the SIFUENTES, the STATE, and the FUND and each of their present and former employees, agents, directors, officers, representatives, departments, subsidiaries, affiliates, contractors, heirs, successors, assigns, beneficiaries, insurers and all attorneys acting by, through, under, or in concert with any of them, from any and all claims, counterclaims, demands, causes of action, damages, liabilities, expenses, fees, including attorney's fees, and costs whatsoever, which the MINORS ever had, now have, or may in the future claim to have had for any losses, injuries, or damages, whether anticipated or unanticipated, resulting from, arising out of, or connected in any way to the Original Action or the Minors' Action.  This includes, but is not limited to, claims of any kind for violation of civil rights under federal or state law, negligence, breach of mandatory duties, wrongful death, survivor claims, assault, battery, false imprisonment, intentional infliction of emotional distress, and injunctive relief, or violation of any statutory or administrative rules or codes of the State of California or County of Monterey; this also includes fraud of any nature, or any other claim sounding in tort or contract. This release specifically includes claims for bad faith, unfair insurance practices, or statutory violations which may arise, either directly or indirectly from the conduct of the SIFUENTES, the STATE and the FUND in responding to the MINORS' claims or in defending or settling these claims. This release also includes any claims  for violations of the Unruh Civil Rights Act (Civil Code section 51 et seq.), as well as any other statutes which may have been enacted to create a private right of action.

7.    **Payment to ALLEN and the MINORS.**

(a)    In consideration of the promises and releases contained in this Agreement and subject to the court's approval discussed in paragraph 2 above, the COUNTY OF MONTEREY and the FUND agree to pay ALLEN and the MINORS a total of $1,000,000.00.  Of this total amount, the COUNTY OF MONTEREY shall pay $700,000.00 and the FUND shall pay $300,000.00. The exact amounts payable to the MINORS and the MINORS' attorney from the total amount shall be determined by the court in approving the MINORS' compromise, and the balance of the total amount shall be paid to ALLEN and her attorneys.

5

(b)     Payment to ALLEN will be made after the court's approval of the Petitions discussed below.  Payment to ALLEN shall be made payable to the Law Offices of Robert R. Powell Client Trust Account, and shall be delivered to the Law Offices of Robert R. Powell at 925 W. Hedding St., San Jose, California 95126.

(c)     The parties hereto agree that the MINORS' counsel shall file Petitions, which Petitions shall report to the court the total settlement amount to be divided among all the plaintiffs and the proposed amount to be distributed to the MINORS and their attorneys.  The Petitions shall request that the Court approve the distributions to the MINORS and their attorneys.  The Petitions will contain a proposed distribution of the MINORS' amount between ANALISA ALLEN, NOEL ALLEN, and the MINORS' attorneys. The MINORS, by and through their guardian ad litem and their counsel, shall have the sole discretion to set forth in the Petitions how the total settlement amount is proposed to be distributed.

(d)     If any portion of the settlement amount set forth in the Petitions which is to be distributed to the MINORS is to be invested in an annuity or other structured settlement, the annuity or structured settlement is to be made through a company rated at least A+ Superior by A.M. Best Company, and said distribution is subject to Court approval of the Petitions.

(e)     Subject to the terms and conditions herein, that portion of the total settlement payment allocated to the MINORS shall be paid in a one-time lump sum payment by check, draft or electronic bank transfer payable either to the MINORS or to another person, company, or life insurance company, on said MINORS' behalf as stated in the Court order.  The court may order that these amounts be deposited with or paid to a life insurance company to be designated in the Court order pursuant to a Uniform Qualified Assignment, within the meaning of Section 130(c) of the Internal Revenue Code of 1986, as amended. Defendants agree to sign the Uniform Qualified Assignment as discussed below.  In any event, the amounts payable for the MINORS shall be placed in a blocked account or similar arrangement that restricts access to the funds and insures that the funds will be used for the benefit of the minors, as may be ordered by the court in approving the MINORS' compromise.  The Minors represent that all sums set forth herein constitute damages on account of personal injuries and sickness, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

(f)     Further, subject to the terms and conditions herein, that portion of the total settlement payment to be paid to the MINORS' attorneys shall be paid in a one-time lump sum payment by check, draft or electronic bank transfer payable to the MINORS' attorneys or to another person or company as stated in the Court order, or as may otherwise be instructed by the MINORS' attorneys.

(g)     All payments to the MINORS and the MINORS' attorneys will be delivered as instructed in the Court order.

(h)     All payments under this paragraph 7 will be made in and by the ordinary course and procedures utilized by the defendants in issuing such payments. The defendants agree to the aforesaid procedures for distribution and delivery of the settlement payments, and agree to execute whatever documents may be necessary to accomplish these payments, distributions and procedures, including but not limited to a Uniform Qualified Assignment and Release or other such document necessary to consummate the distributions as contemplated herein.

(i)     The attorneys for ALLEN and the MINORS agree to execute the Payee Data Record Form as required by the FUND before issuing the settlement payments.

**8.     Dismissal of the Original Action.** Not later than five days after ALLEN'S counsel receives payment in full from the COUNTY OF MONTEREY and the SIFUENTES, ALLEN'S counsel shall execute and have filed a Request for Dismissal, dismissing with prejudice the Complaint in the Original Action as to the COUNTY DEFENDANTS and the SIFUENTES. "Payment in full," means that the check or other medium used for transfer of the settlement funds has cleared at the financial institution into which it is deposited, such that the recipient(s) can draw against the settlement funds and/or transfer same.

**9.     Dismissal of the Minors' Action.** Not later than five days after the amounts payable to or for the benefit of the MINORS and their attorneys have been paid by the COUNTY OF MONTEREY and the SIFUENTES as approved or ordered by the court, MINORS' counsel shall execute and have filed a Request for Dismissal, dismissing with prejudice the Complaint in the Minors' Action as to the COUNTY DEFENDANTS and the SIFUENTES. "Payment in full," means that the check or other medium used for transfer of the settlement funds has been delivered as ordered by the court in approving the MINORS' compromise. .

10.    **No Admission Of Liability**. The Parties acknowledge that this Agreement reflects their desire to terminate all aspects of the matters alleged in the above-described complaints and all matters and issues related thereto. None of the Parties in any way acknowledge any fault or liability to any of the other parties, and this Agreement shall not in any way be construed as an admission of any fault or liability on the part of any of the parties hereto.

11.    **Unknown Claims**. The Parties expressly waive and relinquish all rights and benefits afforded by Section 1542 of the Civil Code of the State of California. Section 1542 of the Civil Code of the State of California states as follows:

> **"A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."**

Thus, notwithstanding the provisions of Section 1542, and for the purpose of implementing a full and complete release and discharge between the Parties, the Parties expressly acknowledge that this Agreement is intended to include in its effect, without limitation, all claims which they do not know of or suspect to exist in their favor at the time of signing this Agreement, and that this Agreement contemplates the release of any such claim or claims.

12.    **Fraud.** For the protection of the parties, California law requires the following to appear:

> **NOTICE: Section 72 of the Penal Code provides: "Every person who, with intent to defraud, presents for allowance or for payment to any state board or officer, or to any county, city, or district board or officer, authorized to allow or pay the same if genuine, any false or fraudulent claim, bill, account, voucher, or writing, is punishable either by imprisonment in the county jail for a period of not more than one year, by a fine of not exceeding one thousand dollars ($1,000), or by both such imprisonment and fine, or by imprisonment in state prison, by a fine of not exceeding ten thousand dollars ($10,000), or by both such imprisonment and fine."**

8

**13.     Ownership of Claims.** ALLEN and the MINORS represent and warrant that they are authorized and entitled to sign this Agreement, and that they own and have not sold, pledged, hypothecated, assigned, or transferred the claims of the Parties being released herein. ALLEN and the MINORS further agree to indemnify and hold harmless the COUNTY DEFENDANTS and the SIFUENTES from any such claims which may be asserted against them by any other person or entity representing to have bought or been assigned the claims being released in this Agreement.

**14.     Careful Review of Agreement, Understanding of Release and Advice and Consultation with Attorneys.**

(a)     The Parties represent that they have had ample opportunity to read and have carefully read this Agreement, that they have fully inquired about its nature and any rights or claims each may have against the other, that they have had these rights explained to them by an attorney, that they understand its terms and conditions and that they make this Agreement, the complete terms of which are contained herein, freely, voluntarily, and without reservation.

(b)     ALLEN and the MINORS warrant and represent that neither the COUNTY DEFENDANTS and their insurers, nor the SIFUENTES, the STATE, the FUND and their insurers, have made, nor do they make, any representation pertaining to any tax or other consequences to ALLEN and the MINORS that may or may not arise from this Agreement and their acceptance of payment hereunder. ALLEN and the MINORS warrant and represent that they have been advised to consult with an accountant or other tax professional regarding any tax or other consequences to them which may or may not arise from this Agreement and the payments made hereunder. ALLEN and the MINORS shall assume full responsibility for any and all tax obligations that may be imposed, due, or owing to any local, state, or federal authority, however or whenever arising, as a result of the payments to ALLEN and the MINORS made hereunder. ALLEN and the MINORS shall have no claim against the COUNTY DEFENDANTS, the SIFUENTES, the STATE and the FUND on account of any tax-related matter and they shall defend, indemnify, and hold harmless the COUNTY DEFENDANTS, the SIFUENTES, the STATE, and the FUND against any and all liabilities, obligations, claims, penalties, liens, or causes of action in any way related to any requirements of any tax laws or taxing authorities concerning payment of the settlement amounts, including, but not limited to,

9

claims against the COUNTY DEFENDANTS, the SIFUENTES, the STATE and the FUND for attorneys' fees and costs.

**15.    Severability**. If any portion or portions of this Agreement may be held by a court of competent jurisdiction to conflict with any federal, state, or local law, and as a result such portion or portions are declared to be invalid and of no force or effect in such jurisdiction, all remaining provisions of this Agreement shall otherwise remain in full force and effect and be construed as if such invalid portion or portions had not been included herein.

**16.    Entire Agreement**. This Settlement Agreement and Release sets forth in writing the entire agreement of the parties. Each party acknowledges and agrees that no representations or promises, other than those expressly set forth herein, have been made to, or relied upon by, any of them or by any person acting for or on their behalf in connection with the subject matter of this Agreement. All prior representations and promises made by any party to any party, whether in writing or orally, are understood by the parties to be merged under the terms of this Agreement and this Agreement supersedes all previous oral and written agreements and stipulations between the parties.

**17.    Amendments**. This Agreement and all documents and instruments executed in connection herewith or in furtherance hereof may not be amended, modified, or supplemented except by an instrument in writing signed by all Parties hereto.

**18.    No Attorney's Fees and Costs**. Except for the payment of attorneys fees expressly provided for herein, the parties will bear their own respective costs and fees, including attorney's fees, incurred in connection with the litigation and the negotiation and execution of this Agreement.

**19.    Binding Effect**. This release shall be binding upon the heirs, executors, administrators, and assigns of ALLEN and the MINORS and is entered into by ALLEN and the MINORS freely, voluntarily, and without fraud, duress, or undue influence, after full recommendation and approval by their respective undersigned attorneys who have discussed this matter with their respective undersigned clients, for the purpose of compromising and settling any and all disputes between the Parties.

20. **Further Assurances.** The Parties agree to execute such further and additional documents, instruments, and writings as may be necessary, proper, required, desirable, or convenient for the purpose of fully effectuating the terms and provisions of this Agreement.

21. **Governing Law.** This Agreement and any enforcement or interpretation thereof shall be governed by the laws of the State of California.

22. **Enforceability.** This Agreement shall be enforceable by any party hereto by a motion for enforcement under federal law. The Parties stipulate that the United States District Court, Northern District of California, San Jose Division, Department 6, Judge Ronald M. Whyte presiding, shall retain jurisdiction for the purposes of enforcement of this Agreement.

23. **Attorneys' Fees in Enforcement.** In the event of any litigation between the Parties hereto arising out of this Agreement, the prevailing party shall be entitled to reasonable attorney's fees incurred in such litigation.

24. **Counterparts and Facsimile Documents.** This Agreement may be executed via facsimile transmission and by multiple counterparts, each of which shall be deemed an original and all of which shall constitute one and the same instrument. All such facsimile counterparts shall be considered originals and one and the same instrument with the same force and effect as if all such Parties had executed a single copy of this Agreement.

By: _____     Date: _____
     MEGAN DEANN ALLEN

By: _____     Date: _____
     RICHARD H. WEST
     AS GUARDIAN AD LITEM
     OF ANALISA ALLEN AND
     NOEL ALLEN

By: _____     Date: _6-12-08_____
     ~~COUNTY OF MONTEREY~~
     ~~COUNTY OF MONTEREY~~
     FERNANDO ARMENTA, CHAIR
     MONTEREY COUNTY BOARD OF SUPERVISORS

11

20.    **Further Assurances.** The Parties agree to execute such further and additional documents, instruments, and writings as may be necessary, proper, required, desirable, or convenient for the purpose of fully effectuating the terms and provisions of this Agreement.

21.    **Governing Law.** This Agreement and any enforcement or interpretation thereof shall be governed by the laws of the State of California.

22.    **Enforceability.** This Agreement shall be enforceable by any party hereto by a motion for enforcement under federal law.  The Parties stipulate that the United States District Court, Northern District of California, San Jose Division, Department 6, Judge Ronald M. Whyte presiding, shall retain jurisdiction for the purposes of enforcement of this Agreement.

23.    **Attorneys' Fees in Enforcement.**  In the event of any litigation between the Parties hereto arising out of this Agreement, the prevailing party shall be entitled to reasonable attorney's fees incurred in such litigation.

24.    **Counterparts and Facsimile Documents.** This Agreement may be executed via facsimile transmission and by multiple counterparts, each of which shall be deemed an original and all of which shall constitute one and the same instrument.  All such facsimile counterparts shall be considered originals and one and the same instrument with the same force and effect as if all such Parties had executed a single copy of this Agreement.

By: _____    Date: 6/11/08
    MEGAN DEANN ALLEN

By: _____    Date: 6/11/08
    RICHARD H. WEST
    AS GUARDIAN AD LITEM
    OF ANALISA ALLEN AND
    NOEL ALLEN


By: _____    Date: _____
    ON BEHALF OF THE
    COUNTY OF MONTEREY

11

**20.** **Further Assurances.** The Parties agree to execute such further and additional documents, instruments, and writings as may be necessary, proper, required, desirable, or convenient for the purpose of fully effectuating the terms and provisions of this Agreement.

**21.** **Governing Law.** This Agreement and any enforcement or interpretation thereof shall be governed by the laws of the State of California.

**22.** **Enforceability.** This Agreement shall be enforceable by any party hereto by a motion for enforcement under federal law. The Parties stipulate that the United States District Court, Northern District of California, San Jose Division, Department 6, Judge Ronald M. Whyte presiding, shall retain jurisdiction for the purposes of enforcement of this Agreement.

**23.** **Attorneys' Fees in Enforcement.** In the event of any litigation between the Parties hereto arising out of this Agreement, the prevailing party shall be entitled to reasonable attorney's fees incurred in such litigation.

**24.** **Counterparts and Facsimile Documents.** This Agreement may be executed via facsimile transmission and by multiple counterparts, each of which shall be deemed an original and all of which shall constitute one and the same instrument. All such facsimile counterparts shall be considered originals and one and the same instrument with the same force and effect as if all such Parties had executed a single copy of this Agreement.

By: _____      Date: _____
            MEGAN DEANN ALLEN

By: _____      Date: ____6/17/08____
            RICHARD H. WEST
            AS GUARDIAN AD LITEM
            OF ANALISA ALLEN AND
            NOEL ALLEN

By: _____      Date: _____
            ON BEHALF OF THE
            COUNTY OF MONTEREY

11

By: _____     Date: _____
    ON BEHALF OF THE STATE
    OF CALIFORNIA AND THE
    FOSTER FAMILY HOME AND
    SMALL FAMILY HOME INSURANCE
    FUND

## ATTORNEY ACKNOWLEDGMENT

I acknowledge that I have read the foregoing Settlement Agreement and Release and approve it as to form and substance. I have explained all of the terms of this Settlement Agreement and Release to my client(s) who understands all of its terms.

Dated: _____     LAW OFFICES OF ROBERT R. POWELL

                                                By: _____
                                                  Robert R. Powell, Esq.
                                                  Attorneys for Plaintiff, MEGAN DEANNE
                                                  ALLEN

Dated: 6/10/08 _____     LAW OFFICES OF DONNIE C. COX

                                                By: _____
                                                  Donnie C. Cox, Esq.
                                                  Attorneys for Plaintiffs,
                                                  ANALISA ALLEN and NOEL ALLEN, BY
                                                  AND THROUGH THEIR GUARDIAN AD
                                                  LITEM, RICHARD H. WEST

Dated: _____     KESSEL & ASSOCIATES

                                                By: _____
                                                  Elizabeth M. Kessel
                                                  Attorneys for Defendants,
                                                  COUNTY OF MONTEREY, LUCILLE
                                                  HRALIMA, STEVE SINOR, PATRICIA
                                                  MANNION, MICHELLE CASILLA,
                                                  ELVA MANCILLA

By: _____         Date: _____
    ON BEHALF OF THE STATE
    OF CALIFORNIA AND THE
    FOSTER FAMILY HOME AND
    SMALL FAMILY HOME INSURANCE
    FUND


### ATTORNEY ACKNOWLEDGMENT

I acknowledge that I have read the foregoing Settlement Agreement and Release and approve it as to form and substance. I have explained all of the terms of this Settlement Agreement and Release to my client(s) who understands all of its terms.

Dated: _____         LAW OFFICES OF ROBERT R. POWELL


                                         By: _____
                                             Robert R. Powell, Esq.
                                             Attorneys for Plaintiff, MEGAN DEANNE
                                             ALLEN


Dated: _____         LAW OFFICES OF DONNIE C. COX


                                         By: _____
                                             Donnie C. Cox, Esq.
                                             Attorneys for Plaintiffs,
                                             ANALISA ALLEN and NOEL ALLEN, BY
                                             AND THROUGH THEIR GUARDIAN AD
                                             LITEM, RICHARD H. WEST


Dated: _____         KESSEL & ASSOCIATES


                                         By: _____
                                             Elizabeth M. Kessel
                                             Attorneys for Defendants,
                                             COUNTY OF MONTEREY, LUCILLE
                                             HRALIMA, STEVE SINOR, PATRICIA
                                             MANNION, MICHELLE CASILLA,
                                             ELVA MANCILLA


12

By: _____     Date: _____

    ON BEHALF OF THE STATE
    OF CALIFORNIA AND THE
    FOSTER FAMILY HOME AND
    SMALL FAMILY HOME INSURANCE
    FUND

## ATTORNEY ACKNOWLEDGMENT

    I acknowledge that I have read the foregoing Settlement Agreement and Release and approve it as to form and substance. I have explained all of the terms of this Settlement Agreement and Release to my client(s) who understands all of its terms.

Dated: ____6-12-08____          LAW OFFICES OF ROBERT R. POWELL

          By: _____
          Robert R. Powell, Esq.
          Attorneys for Plaintiff, MEGAN DEANNE
          ALLEN

Dated: _____          LAW OFFICES OF DONNIE C. COX

          By: _____
          Donnie C. Cox, Esq.
          Attorneys for Plaintiffs,
          ANALISA ALLEN and NOEL ALLEN, BY
          AND THROUGH THEIR GUARDIAN AD
          LITEM, RICHARD H. WEST

Dated: _____          KESSEL & ASSOCIATES

          By: _____
          Elizabeth M. Kessel
          Attorneys for Defendants,
          COUNTY OF MONTEREY, LUCILLE
          HRALIMA, STEVE SINOR, PATRICIA
          MANNION, MICHELLE CASILLA,
          ELVA MANCILLA

By: _____    Date: 6-17-08 _____

ON BEHALF OF THE STATE
OF CALIFORNIA AND THE
FOSTER FAMILY HOME AND
SMALL FAMILY HOME INSURANCE
FUND

Vince Santucci

## ATTORNEY ACKNOWLEDGMENT

I acknowledge that I have read the foregoing Settlement Agreement and Release and approve it as to form and substance. I have explained all of the terms of this Settlement Agreement and Release to my client(s) who understands all of its terms.

Dated: _____    **LAW OFFICES OF ROBERT R. POWELL**

By: _____
Robert R. Powell, Esq.
Attorneys for Plaintiff, MEGAN DEANNE
ALLEN

Dated: _____    **LAW OFFICES OF DONNIE C. COX**

By: _____
Donnie C. Cox, Esq.
Attorneys for Plaintiffs,
ANALISA ALLEN and NOEL ALLEN, BY
AND THROUGH THEIR GUARDIAN AD
LITEM, RICHARD H. WEST

Dated: _____    **KESSEL & ASSOCIATES**

By: _____
Elizabeth M. Kessel
Attorneys for Defendants,
COUNTY OF MONTEREY, LUCILLE
HRALIMA, STEVE SINOR, PATRICIA
MANNION, MICHELLE CASILLA,
ELVA MANCILLA

Dated: _____June 10, 2008_____

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____

Irene Takahashi
Attorneys for Defendants,
ADA SIFUENTES, ANTONIO
SIFUENTES

1  PAUL W. LEEHEY (SBN: 92009)
   LAW OFFICE OF PAUL W. LEEHEY
2  205 W. ALVARADO STREET
   FALLBROOK, CA  92028-2002
3  TELEPHONE (760) 723-0711

4  DONNIE R. COX (SBN: 137950)
   DENNIS B. ATCHLEY (SBN: 70036)
5  LAW OFFICES OF DONNIE R. COX
   402 NORTH NEVADA STREET
6  OCEANSIDE, CA 92054-2025
   TELEPHONE (760) 400-0263
7
   ATTORNEY FOR PLAINTIFFS
8

9            **UNITED STATES DISTRICT COURT**

10          **NORTHERN DISTRICT, SAN JOSE DISTRICT**

11 NOEL ALLEN AND ANALISA ALLEN, )   CASE NO: C08 00689 RMW (hrl)
   minors by and through their  )
12 Guardian Ad Litem, RICHARD H. )
   WEST                          )
13                               )   POINTS AND AUTHORITIES IN
                                 )   SUPPORT OF PETITION FOR MINORS
              Plaintiff,         )   COMPROMISE
14                               )
   vs.                           )
15                               )
                                 )
   COUNTY OF MONTEREY; LUCILLE   )
16 HRALIMA as an employee of the )
   COUNTY OF MONTEREY; STEVEN    )
17 SINOR as an employee of the   )
   COUNTY OF MONTEREY; MICHELLE  )
18 CASSILLAS as an employee of   )
   the COUNTY OF MONTEREY; PAT   )
19 MANNION as an employee of the )
   COUNTY OF MONTEREY; ELVA      )
20 MANCILLA as an employee of the)
   COUNTY OF MONTEREY; ADA       )
21 SIFUENTES and ANTONIO         )
   SIFUENTES, as agent and/or    )
22 state actor of the COUNTY OF  )
   MONTEREY;                     )
23  and DOES 1 to 100,           )
   Inclusive,                    )
24                               )
   _____Defendants._____   )
25

26      Comes now counsel for Petitioner, Richard H. West, guardian ad

27 litem for minor Plaintiffs N.A. and A.A., and submits his points and

28 authorities in support of his petition for minor's compromise.

_____
POINTS AND AUTHORITIES IN SUPPORT 1                    C08 00689

# I

## STATUTORY AUTHORITY

Pursuant to FRCP 17(c)(2), Petitioner RICHARD H. WEST Esq., was appointed by this Court as guardian ad litem for minor plaintiffs N.A. and A.A. in its order dated February 21, 2008. Federal Courts generally require that claims by minors and incompetents be settled in accordance with applicable state law. California Law requires court approval of the fairness and terms of every minor's settlement. (See CD CA Rule of 5).

California Code of Civil Procedure §372 also provides that any money or other property to be paid or delivered pursuant to the order or judgment for the benefit of a minor, incompetent person shall be paid and delivered as provided in the Probate Code, commencing with Probate Code section 3600.

Probate Code section 3601 requires that the court make an order authorizing and directing that reasonable expenses, medical and otherwise, including costs and attorney's fees be paid from the money or other property which shall be paid or delivered for the benefit of the minor or person with a disability. Under Probate Code section 3601 (b) such order may be made to the guardian ad litem and the payor of any money to be paid pursuant to the compromise involving the minor.

# II

## RULE OF COURT 7.950

California Rule of Court 7.950 provides that in all cases under Code of Civil Procedure §372 or Probate Code §§3600 and 3601, the court must use a reasonable fee standard when approving or allowing the amount of attorneys' fees payable from money or property paid or to be paid for the benefit of a minor or a person with a disability. The

1  court may approve and allow attorney fees under a contingency fee
2  agreement made in accordance with law, provided that the amount of fees
3  is reasonable under all the facts and circumstances.

4      As the declaration of Donnie R. Cox illustrates, Petitioner hired
5  his offices for the specific purposes of filing the necessary claims,
6  then filing suit, and thereafter negotiating a compromise of the claims
7  of the minor plaintiffs. Counsel have extensive expertise in litigating
8  claims under 42 U.S.C. section 1983, and have accomplished all the
9  tasks assigned by the Petitioner after his appointment as guardian ad
10  litem by this Court on February 21st, although significant work was
11  accomplished prior to that date.

12      Given the litigation posture of this case, and its complexity, the
13  amount sought by Petitioner for attorney's fees is reasonable within
14  the meaning of Rule of Court section 7.950. The benefits payable over
15  the next 20 years are commensurate with the injuries suffered by the
16  two minors.

17      WHEREFORE, Petitioner respectfully requests that the Court grant
18  this petition and order the payment of benefits to the minor plaintiffs
19  according to the Settlement Proposal (See Exhibit One attached to the
20  Proposed Order) and payment of attorney's fees as prayed for herein.
21  Respectfully Submitted.

22

23  DATED: June 17, 2008

DONNIE R. COX, ESQ. Attorney for
24                                  N.A. and A.A., by and through
                                    RICHARD H. WEST, Guardian Ad Litem

25

26

27

28

3

1  PAUL W. LEEHEY (SBN: 92009)
   LAW OFFICE OF PAUL W. LEEHEY
2  205 W. ALVARADO STREET
   FALLBROOK, CA  92028-2002
3  TELEPHONE (760) 723-0711

4  DONNIE R. COX (SBN: 137950)
   DENNIS B. ATCHLEY (SBN: 70036)
5  LAW OFFICES OF DONNIE R. COX
   402 NORTH NEVADA STREET
6  OCEANSIDE, CA 92054-2025
   TELEPHONE (760) 400-0263

7
   ATTORNEY FOR PLAINTIFFS
8

9              **UNITED STATES DISTRICT COURT**

10           **NORTHERN DISTRICT, SAN JOSE DISTRICT**

11 | N.A. AND A.A.,                          )    CASE NO: C08 00689 HRL
   | minors by and through their            )
12 | Guardian Ad Litem, RICHARD H.          )
   | WEST                                   )    DECLARATION OF DONNIE R. COX IN
13 |                                        )    SUPPORT OF MINORS, A.A. and
   |          Plaintiff,                    )    N.A.,COMPROMISE OF DISPUTED
14 |                                        )    CLAIM OF MINORS PURSUANT TO
   | vs.                                    )    CCP §372.
15 |                                        )    PROBATE CODE SEC. 3601
   | COUNTY OF MONTEREY; LUCILLE            )
16 | HRALIMA as an employee of the          )
   | COUNTY OF MONTEREY; STEVEN             )
17 | SINOR as an employee of the            )
   | COUNTY OF MONTEREY; MICHELLE           )
18 | CASSILLAS as an employee of            )
   | the COUNTY OF MONTEREY; PAT            )
19 | MANNION as an employee of the          )
   | COUNTY OF MONTEREY; ELVA               )
20 | MANCILLA as an employee of the)
   | COUNTY OF MONTEREY; ADA                )
21 | SIFUENTES and ANTONIO                  )
   | SIFUENTES, as agent and/or             )
22 | state actor of the COUNTY OF           )
   | MONTEREY; and Does 1 to 100,           )
23 | Inclusive,                             )
   |                                        )
24 |          Defendants.                   )

25
   1.  I am an attorney licensed to practice in the State of California.
26
   I make the following statements based upon my personal knowledge or
27
   based upon matters I believe to be true, and if called upon to
28
   testify, could and would testify competently to the facts stated

   Decl. In Support Minor Compromise 1                    C08 00689

1  herein.

2  2.    I, along with associate counsel, represented the Plaintiffs N.A.

3  and A.A., by and through their Guardian Ad Litem, RICHARD H. WEST, in

4  this claim and complaint in this matter against COUNTY OF MONTEREY and

5  individual defendants for damages resulting from incidents which

6  occurred between December 29, 2004 and January 2006, during which time

7  the minors were removed from the care, custody and control of their

8  mother.    In my evaluation the sums indicated in the Settlement

9  Agreement for Settlement (attached as Exhibit "2" to the Proposed

10  Order) are reasonable amounts for resolution of these claims.

11  Plaintiffs suffered no physical injury and have received counseling,

12  but have recovered sufficiently to justify settlement at this time.

13  3.    I prepared the Petition of Richard H. West for approval of the

14  Minors' Compromise filed with this declaration.    I have advised the

15  minors' guardian ad litem, RICHARD WEST that the offer indicated in the

16  Stipulation for Settlement is reasonable under the circumstances.

17  (Petitioner Guardian Ad Litem is an attorney was consulted during the

18  mediation session on April 10th, 2008, and at all times during

19  discussions with Defendants and other parties.)

20  4.    I am one of three attorneys who represented the plaintiffs in this

21  civil rights matter, along with attorneys, Paul W. Leehey and Dennis

22  B. Atchley.    Our offices have represented Plaintiffs in more than a

23  dozen civil rights matters since 1999, concerning the unlawful

24  detention and examination of children in Welfare & Institution Code

25  Section 300 dependency proceedings.    We also were the trial and

26  appellant counsel for the plaintiffs and appellants in the seminal case

27  of *Wallis v. Spencer* (9th Cir. 2000) 202 F 3d. 1126 (1992 through 2000),

28  and were trial counsel on remand in *Mabe v. County of San Bernardino*

1  (9th Cir. 2001) 237 F. 3d 1101. Recently, we assisted counsel in
2  preparing the en banc argument before the Ninth Circuit in *Beltran v.*
3  *County of Santa Clara* (9th Cir. 2007) 514 F.3d 906. In the last 8
4  years, our offices have been responsible for judgments and settlements
5  against government entities and their employees in actions based on 42
6  U.S.C. section 1983 in the gross amount of $4,545,000.00. These
7  settlements also resulted in the ongoing distribution of more than
8  $2,400,000.00 to thirteen minor plaintiffs. It was because of our
9  litigation experience in such claims that the plaintiffs' guardian ad
10 litem retained our offices.

11 5.    Request is made of the Court to approve the Petitioner's proposed
12 order for attorney fees (costs and expenses are waived) in accordance
13 with the request of the petitioner/Guardian Ad Litem, RICHARD H. WEST,
14 on behalf of the minor.  In support thereof, counsel for plaintiffs
15 have expended or incurred costs and expenses of $2,657.39 on behalf  of
16 the plaintiffs, as well as having expended in excess of 242 hours in
17 attorneys time, as well as, over 60 hours of paralegal or staff time
18 in pursuit of the plaintiffs' claims and action against the COUNTY OF
19 MONTEREY and all other individual defendants. Counsel has attended 3
20 hearings in the Juvenile Court before and after appointment as attorney
21 of  record,  conducted  witness  interviews,  reviewed  documents,  and
22 attended mediation and settlement conferences which resulted in the
23 ultimate resolution of this matter.

24 6.    Based upon our contact with other counsel of similar types of
25 civil rights (42 U.S.C. 1983) cases, we have determined that the Courts
26 award attorneys' fees in civil rights matters at an hourly rate of
27 $500.00 per hour, and $110.00 an hour for paralegal time.  Based upon
28 the hours expended to date by plaintiffs' counsel in this matter, at

3

1  the rate of $500.00 per hour, plus paralegal time, plaintiffs'

2  attorneys' fees incurred in this action would be in excess of

3  $100,000.00.

4  7.  Petitioner RICHARD H. WEST on behalf of the minor, has petitioned

5  this Court to approve distribution of the settlement funds in

6  accordance with the contingency fee agreement entered with counsel

7  (subjected to the courts approval of a Minor's Compromise), with

8  Plaintiff N.A. to receive $100,000.00 ($283,706.00 through age 30

9  pursuant to a structured settlement annuity through Ringler Associates

10  – see Exhibit 1 to proposed order). Plaintiff A.A. to receive

11  $100,000.00 ($259,440.00 through age 30 pursuant to a structured

12  settlement annuity through Ringler Assiciates – see Exhibit 2 to

13  proposed order).

14  8.  The remaining $100,000.00 of the gross recovery of $300,000.00 be

15  paid for attorneys' fees, with no reimbursement to counsel of advanced

16  costs (Pursuant to 42 U.S.C. 1988, Plaintiffs are entitled to collect

17  attorneys' fees and costs in the pursuit of civil rights actions such

18  as this.)  Plaintiffs' counsel is in agreement with the Petitioners

19  request for disbursement of the settlement funds.

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

9.    Upon approval of this Minor's Compromise, minor plaintiffs will have a guaranteed annual tax free benefit beginning at age 18, payable fully by age 30, for educational uses or other career goals. Declarant believes that the amounts indicated for attorneys' fees are reasonable under the circumstances.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct this 17th day of June, 2008 at Oceanside, California.


DATED: June 17, 2008              _____
                                  DONNIE R. COX, attorney for N.A.
                                  And A.A.,through their
                                  Guardian ad litem, RICHARD H. WEST

LAW OFFICES OF DONNIE R. COX
DENNIS B. ATCHLEY, SBN 70036
DONNIE R. COX, SBN 137950
402 North Nevada Street
Oceanside, CA 92054-2025
(760) 400-0263

LAW OFFICES OF PAUL W. LEEHEY
PAUL W. LEEHEY SBN 92009
205 W. Alvarado
Fallbrook California 92028
(760) 723-0711

ATTORNEYS FOR PLAINTIFF
A.A. and N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.A and N.A., by and through their Guardian Ad Litem, Richard H. West<br>                    Plaintiff, | Case No.:  08-00689 RMW (hrl) |
| vs. | DECLARATION OF SERVICE |
| COUNTY OF MONTEREY, et al.<br><br>                    Defendants. | |

I, Linda Haase declare as follows:

    I am employed in the County of San Diego, State of California.  I am over the age of 18 and not a party to the within action; my business address is 402 North Nevada Street, Oceanside, CA 92054.

    On June 17, 2008, I caused to be delivered the foregoing document described as Points and Authorities in Support of Petition for Minors, Petition for Compromise of Undisputed Claim of Minors, N.A. and A.A., Declaration of Donnie R. Cox in Support of Minors Compromise of

Disputed Claim and Proposed Order on all interested parties in this action by placing a true copy

thereof enclosed in a sealed envelope addressed as follows:

BY:

( X) <u>MAIL</u> I am readily familiar with the practice at my place of business for collection

and processing of correspondence for mailing with the United States Postal Service and caused

such envelope, with postage thereon fully prepaid to be placed in the United States mail at

Oceanside, California. (CCP §1013 and 1013(a)(3), addressed as follows:


Irene Takahashi, Esq.
LEWIS BRISBOIS BISGAARD & SMITH LLP
One Sansome Street, Ste. 1400
San Francisco, CA 94104

Elizabeth M. Kessel, Esq.
KESSEL & ASSOCIATES
2410 Beverly Blvd.
Los Angeles, CA 90057

Robert R. Powell, Esq.
Law Offices of Robert R. Powell
925 West Hedding Street
San Jose, CA 95126-1216

Associate Attorney
PAUL W. LEEHEY, ESQ.
205 WEST ALVARADO STREET
FALLBROOK, CA 92028

( ) <u>BY E-FILING</u> I served each of the above-referenced documents by e-filing.

( ) <u>PERSONAL SERVICE</u>

I caused the afore mentioned documents to be delivered as follows:

( ) <u>FACSIMILE</u>

Facsimile/telecopier ("FAX") machine in Oceanside, California as follows:

///

( )BY E-MAIL VIA PDF/ADOBE.  I e-mailed such documents(s) via pdf to the email addressed posted below.  A print out of my e-mail transmission is attached to this Proof of Service – Per agreement with Defendants Counsel:

(x) Service performed via E-filing with the United States District Court, Northern District.  A true and correct copy of the Court's confirmation is attached to the Declaration of Service

I declare I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct and that this proof of service was executed on June 17, 2008 at Oceanside, California.

*Linda Haase*

Linda Haase